UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **TERRANCE DeJUAN HOOD,** | ) | |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:06cv0284 AS |
| | ) | |
| **ED BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about April 28, 2006, *pro se* petitioner, Terrance DeJuan Hood, an inmate at the Indiana State Prison (ISP), Michigan City, Indiana, filed a petition seeking relief under 28 U.S.C. §2254. He has other cases pending as indicated in an order signed by the Honorable Philip P. Simon, a Judge of this court on August 11, 2006. The Response filed on behalf of the respondent by the Attorney General of Indiana on September 15, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner filed a Traverse on, October 6, 2006 which this Court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time of the filing of this petition, he was incarcerated in the ISP in this district. He was the subject of a prisoner disciplinary proceeding in October 2005, entitled cause number ISP 05-09-0168, in which he was charged with possession of a deadly weapon. The sanctions recommended by the CAB included disciplinary segregation which does not

implicate a liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). The sanctions also include a demotion from credit class I to credit class II which does implicate *Wolff v. McDonnell*, 418 U.S. 539 (1974). There has been compliance here with the procedural demands of *Wolff*, and the evidence here is sufficient under *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and under the "some evidence" test applicable in this circuit. *See Webb v. Anderson*, 224 F.3d 649 (7th Cir.), *cert. denied*, 531 U.S. 999 (2000), *McPherson v. McBride*, 188 F.3d 784 (7th Cir. 1999), and *Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996).

The collateral review envisioned by § 2254 focuses on violations of the Constitution, treaties and laws of the United States. *See Haas v. Abrahamson*, 910 F.2d 384 (7th Cir. 1990), and *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. den.*, 489 U.S. 1088 (1989). The focus is not on violations of state law. *See Estelle v. McGuire*, 502 U.S. 62 (1991). *See also Holman v. Gilmore*, 126 F.3d 876 (7th Cir. 1997). Generally, technical violations of ADP are a species of state law. Put into proper focus, there is no basis for relief presented here by Mr. Hood under 28 U.S.C. §2254, and such relief is now **DENIED**. **IT IS SO ORDERED**.

**DATED:**  November 20, 2006

                                                                  S/ ALLEN SHARP
                                                                  **ALLEN SHARP, JUDGE**
                                                                  **UNITED STATES DISTRICT COURT**

2